**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
                                        )
SHARON MEJIAS,                          )
                                        )
              Plaintiffs,               )
                                        )        Civil Action No. 11-0562 (GEB)
        v.                              )
                                        )        **MEMORANDUM OPINION**
THE AMERICAN BOYCHOIR SCHOOL,           )
SURABELA FABIAN, and JENNIFER           )
WHITMAN,                                )
                                        )
              Defendants.               )
_____)

**BROWN, Chief Judge**

      This matter comes before the Court upon the motion of defendants The American Boychoir School, Surabela Fabian, and Jennifer Whitman (collectively, "Defendants") to dismiss Counts IV and V of Plaintiff's Complaint (Doc. No. 4) and the cross-motion of plaintiff Sharon Mejias ("Plaintiff") for leave to amend the Complaint (Doc. No. 6). The Court has decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' motion and grant Plaintiff's motion in part and deny it in part.

### I.    BACKGROUND

      Plaintiff began working for defendant The American Boychoir School ("ABS") as a receptionist in or around January 1991 and by 2007 had been given the title of Assistant Director of Admissions. (Complaint ¶ 8). ABS hired defendant Surabela Fabian in or around July 2009 as the Dean of Admissions and she became Plaintiff's direct supervisor in place of the departed

Associate Director of Admissions.  (Complaint ¶ 12).  Plaintiff's workload subsequently increased substantially and she experienced stress and anxiety as a result.  (Complaint ¶ 14).  Plaintiff was diagnosed with anxiety and depression in 1998 and had been since taking medication to control it. (Complaint ¶ 15).  On or about February 23, 2010, Plaintiff experienced an incapacitating anxiety attack and began a medical leave of absence from ABS the next day.  (Complaint ¶ 16).

Plaintiff emailed Ms. Fabian on March 4, 2010, to update her on Plaintiff's medical situation, and Ms. Fabian responded, in part, that "I am so glad to hear from you and to know that you're under a doctor's care", "When you are healed and ready to return, we will be happy to work with you to find a position that is suitable and interesting for you", and "Please take the time you need, take comfort in knowing that we all support you, and remember that we are all hopeful you will return to us refreshed."  (Complaint ¶ 17).  In an email on April 13, 2010, Ms. Fabian wrote to Plaintiff to "Please be assured that when you're ready and you do come back that we will work things out to suit you as best we can.  We want to support you in every way.  Don't rush. Take the time you need to be ready."  (Complaint ¶ 18).

On May 18, 2010, Plaintiff spoke directly with Ms. Fabian to again update her on Plaintiff's medical status.  (Complaint ¶ 19).  During this conversation, Plaintiff requested clarification as to whether she was entitled to 24 weeks of leave under ABS policies. (Id.).  From the conversation, Plaintiff understood her position (now called Assistant to the Dean) to be no longer available but that she would be offered another full-time position at ABS.  (Id.).  On May 19, 2010, Plaintiff emailed Ms. Fabian to confirm her understanding and Ms. Fabian responded in an email of same date that "[W]e are not saying that your position is not available to you, rather we are suggesting that another position might be more suitable for you with less pressure and

2

demands on your time.  We therefore would like to offer you another position at the school and look forward to being able to discuss that with you when you are ready to return."  (Complaint ¶ 20).

On July 20, 2010, Plaintiff emailed Ms. Fabian to advise her that her physician had cleared her to return to work on August 4, 2010.  (Complaint ¶ 25).  Defendant Jennifer Whitman, Director of Human Resources at ABS, had been copied on Plaintiff's email and responded that they would "plan on scheduling a meeting shortly before you come back so we can all get 'up-to-speed' on your return and the goings on here at the School."  (Complaint ¶ 27).  Plaintiff did not hear anything further from Defendants thereafter, nor in response to a subsequent email on August 2, 2010.  (Complaint ¶ 29).

Plaintiff went to the ABS campus on August 3, 2010, to speak to Ms. Fabian or Ms. Whitman in advance of her return to work the next day.  (Complaint ¶ 30).  Ms. Whitman informed Plaintiff that she would not be permitted to return to her former position and discussed the possibility of Plaintiff working part-time as Ms. Whitman's assistant.  (Id.).  Plaintiff declined this proposal and repeated her request to resume her position as Assistant to the Dean. (Complaint ¶ 31).  In a telephone conversation on August 4, 2010, Ms. Whitman informed Plaintiff that Ms. Fabian did not want Plaintiff reporting to her anymore.  (Complaint ¶ 32).

On or about January 31, 2011, Plaintiff filed the Complaint alleging three counts (Counts I - III) of violations of the New Jersey Law Against Discrimination ("NJLAD"), one count (Count IV) of violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and one count (Count V) for promissory estoppel. (Doc. No. 1).  On April 1, 2011, Defendants filed the instant Motion to Dismiss Counts IV and V of Plaintiff's Complaint.  (Doc. No. 4).  On April

3

15, 2011, Plaintiff filed opposition to Defendants' motion, which included the cross-motion for leave to amend the complaint.  (Doc. No. 5).  On April 18, 2011, Plaintiff properly filed a Notice of Cross-Motion for Leave to Amend the Complaint (Doc. No. 6), relying upon the materials filed with opposition to Defendants' motion.

## II.    DISCUSSION

### A.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully."  Id.  (citing Twombly, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231-33 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic

4

documents if the complainants' claims are based upon those documents. See Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In light of Iqbal, district courts should conduct a two-part analysis when evaluating a

motion to dismiss for failure to state a claim.

> First, the factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a District Court must then determine
> whether the facts alleged in the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief." In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to "show" such an
> entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at

1949-50.   If "the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader

is entitled to relief.'"  Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**B.    Analysis**

**1.    Count IV – Family and Medical Leave Act**

Defendants first contend that Count IV must be dismissed because "Plaintiff is not an

'eligible employee' as defined under the FMLA as the School does not have the requisite number

of employees to be covered by the Statute."  (Defendants' Br. at 3).  In support of this claim,

Defendants attach the Affidavit of Defendant Jennifer Whitman to demonstrate that ABS has not

employed fifty or more employees, the threshold amount necessary for coverage pursuant to

FMLA.  The Court, however, generally may not consider matters extraneous to the pleadings on a

12(b)(6) motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d

Cir. 1997).  Were the Court to do so, it must convert the motion to dismiss to a motion for

summary judgment, which the Court declines to do where, as here, there has been no discovery. Therefore, accepting all well-pleaded allegations in the Complaint as true, the Court finds no grounds to dismiss Count IV with respect to the "eligible employee" prong of Defendants' motion.

Defendants next assert that Count IV must be dismissed because Plaintiff "does not allege that she requested or even inquired about FMLA leave, submitted any paperwork requesting approval of FMLA, or was approved for FMLA leave." (Defendants' Br. at 4). The Third Circuit has stated, however, that, from the regulations "[i]t is clear that an employee need not give his employer a formal written request for anticipated leave." Sarnowski v. Air Brook Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007). Instead, "[a]n employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA or even mention the FMLA . . . ." 29 C.F.R. § 825.302(c). Additionally, the notice requirement "is designed to be flexible, and an employee is not required to give greater notice than is 'practicable.'" Sarnowski, 510 F.3d at 402 (citing 29 U.S.C. § 2612(e)(2)(B)). Thus, "the employee need not use any magic words. The critical question is how the information conveyed to the employer is reasonably interpreted." Id. Indeed, "[a]n employee who does not cite to the FMLA or provide the exact dates or duration of the leave requested nonetheless may have provided his employer with reasonably adequate information . . . ." Id. Ultimately, the Third Circuit found the approach of the Eighth Circuit to be sensible: "[i]n order to benefit from the protections of the statute, an employee must provide his employer with enough information to show that he *may* need FMLA leave." Id. at 402-03 (citing Woods v. DaimlerChrysler Corp., 409

6

F.3d 984, 990 (8th Cir. 2005)).

Here, Plaintiff alleges that she informed Ms. Fabian of her medical situation approximately one week after her leave began.  (Complaint ¶¶ 16-17).  The Court need not determine whether that notice was provided as soon as "practicable" as Defendants are not contesting the timing of the notice, but rather that FMLA was referenced in these discussions.  Based upon the foregoing, it is clear that Plaintiff need not have done so and her failure to do so is not grounds to dismiss Count IV.

Finally, Defendants assert that Plaintiff is not entitled to FMLA protection because her leave lasted approximately 23 weeks.  (Defendants' Br. at 4).  Plaintiff had attached select pages of the ABS "Personnel Handbook" which defines "long-term disability" as "the inability to work due to illness or injury for a period of 24 weeks or more.  After 24 weeks, employment will be automatically terminated."  (Ex. A to Complaint at 30).  Plaintiff alleges that she contacted Defendants before the passage of 12 weeks since her leave began and they were aware that her leave would extend beyond 12 weeks but would be within the 24-week window contemplated by the "long-term disability" section of the ABS Personnel Handbook.  (Complaint ¶ 19).  Ms. Fabian's response indicated that Defendants at least acquiesced to this scenario and were making preparations to offer Plaintiff a comparable position upon her return.  (Complaint ¶ 20).

The Third Circuit has held that until the end of the 12 week statutory period, "an employee is entitled to reinstatement to his former position or an equivalent one with 'equivalent employment benefits, pay and other terms and conditions of employment.'" Sommer v. Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006) (quoting 29 U.S.C. § 2614(a)(1)).  Thus, under the FMLA, "[o]nce an employee has been provided with 12 workweeks of leave, the employer's

obligations under the FMLA expire." <u>Devine v. Prudential Ins. Co. of America</u>, Civil No. 03-3971 (FLW), 2007 WL 1875530, at *28 (D.N.J. June 28, 2007).  Indeed, employees who exceed the twelve weeks of leave the FMLA provides for "stand to lose their entitlement to job restoration even if their employers provide additional, non-FMLA, leave." <u>Dogmanits v. Capital Blue Cross</u>, 413 F. Supp. 2d 452, 462 (E.D. Pa. 2005); <u>see</u> <u>also</u> <u>McGregor v. Autozone, Inc.</u>, 180 F.3d 1305, 1308 (11th Cir. 1999) (holding that when an employer provides more than twelve weeks of leave it should not be liable for interfering with FMLA rights).[1]

It is undisputed that Plaintiff exceeded the twelve-week FMLA leave period before attempting to return to work.  (<u>See</u> Plaintiff's Br. at 8).  Because the FMLA provides for only twelve weeks of leave and does not allow for an extension of that period, any alleged extension granted by Defendants constituted a non-FMLA leave extension, which is not protected by the statute.  Therefore, this Court finds that when Plaintiff exceeded the twelve-week FMLA leave period she lost the protections she had under the FMLA.  Thus, Plaintiff has failed to state a claim under the FMLA and Count IV must be dismissed.

### 2.    Count V – Promissory Estoppel

Defendants next assert that Count V of Plaintiff's Complaint must be dismissed because Plaintiff has not alleged the required elements of a promissory estoppel claim.  (Defendants' Br. at 5).  They maintain that Plaintiff cannot point to a "clear and definite promise" that she would be

---

[1]  This Court acknowledges that one court in this District has held that an employee who took leave beyond the twelve weeks allowed by the FMLA, pursuant to the employer's internal leave program, "should not lose her FMLA protection for taking a leave longer than 12 weeks when her employer gave her the permission to do so." <u>Santosuosso v. NovaCare Rehabilitation</u>, 462 F. Supp. 2d 590, 597-98 (D.N.J. 2006).  This Court declines to follow such an approach in light of the above authority.

returned to her position upon the end of her leave.  (Id.).  Plaintiff counters that the May 19, 2010 email from Ms. Fabian contained the promise that: "We therefore would like to offer you another position at the school and look forward to being able to discuss that with you when you are ready to return."  (Plaintiff's Br. at 12 (citing Complaint ¶ 20)).

Under New Jersey law, to state a claim for promissory estoppel, Plaintiff must plead facts establishing "1) a clear and definite promise; 2) made with the expectation that the promisee will rely upon it; 3) reasonable reliance upon the promise; 4) which results in definite and substantial detriment."  Commerce Bancorp, Inc. v. BK Int'l Ins. Brokers, Ltd., 490 F. Supp. 2d 556, 561 (D.N.J. 2007) (quoting Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 499 (App. Div. 2003)). "Indefinite promises or promises subject to change by the promisor are not 'clear and definite' and cannot give rise to a claim for promissory estoppel."  Del Sontro v. Cendant Corp., 223 F. Supp. 2d 563, 574 (D.N.J. 2002) (citing Aircraft Inventory Corp. v. Falcon Jet Corp., 18 F. Supp. 2d 409, 416 (D.N.J. 1998); Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank, 163 N.J. Super. 463, 479-80 (App. Div. 1978)).

The Court finds that Plaintiff's claim for promissory estoppel fails as a matter of law because the "promise" was not "clear and definite".  The alleged promise was nothing other than a proposal and there is no indication that anything definitive was meant by "another position".  This indefinite proposal, subject to modification or withdrawal at Defendants' discretion, cannot form the basis of a promissory estoppel claim.  It must be clear, unconditional and definite.  Del Sontro, 223 F. Supp. 2d at 575 (citing Bonczek v. Carter-Wallace, Inc., 304 N.J. Super. 593, 600-01 (App. Div. 1997)).  Even assuming the utmost sincerity from Ms. Fabian as to Defendants' intentions, as Defendants' argue, "a truthful statement as to the present intention of a party with regard to future

9

acts is not the foundation upon which an estoppel may be built." <u>Alexander v. CIGNA Corp.</u>, 991 F. Supp. 427, 439 (D.N.J.), <u>aff'd</u>, 172 F.3d 859 (3d Cir. 1998) (citations omitted).  As a result, Plaintiff cannot state a claim for promissory estoppel with respect to her communications with Defendants.

As to the language cited from the ABS handbook, it states simply that "[a]fter 24 weeks [of long-term disability leave], employment will be automatically terminated."  (Ex. A to Complaint at 30).  The language of this section is clear and there is no indication that this language contained a promise other than that leave periods of less than 24 weeks will not result in the termination of employment.  Plaintiff's leave was not more than 24 weeks and Plaintiff was not terminated.  As a result, Plaintiff cannot state a claim for promissory estoppel with respect to the ABS handbook.

Therefore, Plaintiff has failed to state a claim for promissory estoppel and Count V must be dismissed.

### 3.    Plaintiff's Cross-motion to Amend the Complaint

Following the expiration of a party's entitlement to file an amended pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility."  <u>In re Burlington Coat Factory Securities Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  <u>Id.</u> (citations omitted).

10

In conjunction with her opposition to Defendants' motion, Plaintiff filed a cross-motion for leave to amend the Complaint in the event that Counts IV and V are dismissed (Plaintiff's Br. at 13), although the proposed Amended Complaint (Doc. No. 8) was not filed until after Defendants' filed their reply brief and opposition to the cross-motion.  In opposition to Plaintiff's cross-motion, Defendants argue that amendments to Counts IV and V would be futile.  Plaintiff contended, before filing the proposed Amended Complaint, that her amended complaint could allege FMLA violations based upon both interference and retaliation theories.  (Plaintiff's Br. at 11).

To prove a retaliation claim, a plaintiff must show that (1) he invoked his right to FMLA benefits, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his invocation of his rights.  See Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508-09 (3d Cir. 2009).  In light of Plaintiff's return to work after more than 12 weeks of leave, the adverse employment decision alleged by Plaintiff subsequent to that period falls outside of FMLA protection.  Therefore, this amendment to Count IV to allege a retaliation claim for actions upon Plaintiff's return to ABS fails as a matter of law and the motion for leave to amend the Complaint as to a retaliation claim must be denied.

"To assert a claim of interference, an employee must show that he was entitled to benefits under the FMLA and that his employer illegitimately prevented him from obtaining those benefits."  Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 401 (3d Cir. 2007); Sommer v. Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006) ("To assert an interference claim, 'the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them.'").  Moreover, an employer interferes with the exercise of FMLA by refusing to

authorize FMLA leave or "discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

Plaintiff argues that she inquired as to her leave eligibility before the end of her first twelve weeks of leave and that Defendants "fail[ed] to inform plaintiff of an obligation to return to work before the end of the first twelve week period under the FMLA". (Plaintiff's Br. at 8). Although many of these facts are found in the proposed Amended Complaint, they are not properly pled in the proposed amended Count IV. However, as the Third Circuit has previously indicated support for such a failure to advise theory of an interference claim, see Conoshenti v. Public Serv. Electric & Gas Co., 364 F.3d 135, 142-43 (3d Cir. 2004), Plaintiff's cross-motion for leave to amend the Complaint to assert an interference claim under the FMLA will be granted, provided that Plaintiff files the Amended Complaint within twenty days of entry of the accompanying order.

Plaintiff's cross-motion for leave to amend the complaint with respect to Count V will be denied as Plaintiff provides no basis wherein an amendment to that claim will not fail as a matter of law. Indeed, Count V of the proposed Amended Complaint is identical to Count V of the original Complaint, which fails as a matter of law.

12

**III.    CONCLUSION**

For the foregoing reasons, Defendants' motion is granted without prejudice and Plaintiff's cross-motion is granted in part and denied in part, provided Plaintiff promptly files the amended complaint within twenty days of the entry of this opinion and accompanying order.  An appropriate form of order accompanies this opinion.


Dated: July 27, 2011

                                                    s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.

13