<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|   |   |
|---|---|
| SHARON MEJIAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE AMERICAN BOYCHOIR SCHOOL, | ) |
| SURABELA FABIAN, and JENNIFER | ) |
| WHITMAN, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 11-0562 (GEB)

**MEMORANDUM OPINION**

_____

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of plaintiff Sharon Mejias ("Plaintiff") for reconsideration of this Court's July 27, 2011 Order granting the motion of defendants The American Boychoir School, Surabela Fabian and Jennifer Whitman (collectively, "Defendants") to dismiss Counts IV and V of Plaintiff's Complaint and granting in part and denying in part Plaintiff's cross-motion for leave to amend the Complaint.  The Court has decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny Plaintiff's motion.

**I.     BACKGROUND**

The background facts in this matter were set forth in this Court's July 27, 2011 Memorandum Opinion and will not be repeated here. In the Memorandum Opinion and accompanying Order, this Court granted Defendants' motion to dismiss Plaintiff's claims for violation of the FMLA and promissory estoppel and granted in part and denied in part Plaintiff's cross-motion to amend the Complaint, which permitted Plaintiff to assert a "failure to advise"

interference claim under the FMLA.  (Doc. Nos. 9, 10).  On August 2, 2011, Plaintiff filed the instant motion for reconsideration of the July 27, 2011 Order in seeking leave for Plaintiff to assert a claim for retaliation under the FMLA.

## II.    DISCUSSION

### A.    Legal Standard

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration and states in pertinent part that:

> a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Further, the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

**B.**     **Application**

Plaintiff's argument in favor of reconsideration is premised upon its interpretation of the Third Circuit's opinion in *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135 (3d Cir. 2004), and consequently Plaintiff appears to allege a clear error of law as its basis for reconsideration. Having established this threshold measure, the Court will consider the merits of Plaintiff's argument in favor of reconsideration.

In *Conoshenti*, as Plaintiff cites, the Third Circuit set forth the elements necessary to prove an FMLA discharge claim arising from 29 C.F.R. § 825.220(c): A plaintiff "must show that (1) he took an FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave." 364 F.3d at 146 (footnote omitted). Courts in this District, among others, however, have looked to the plain statutory language and concluded that "[o]nce an employee has been provided with 12 workweeks of leave, the employer's obligations under the FMLA expire." *Devine v. Prudential Ins. Co. of America*, Civil No. 03-3971 (FLW), 2007 WL 1875530, at *28 (D.N.J. June 28, 2007) (citing 29 U.S.C. § 2612(a)). Further, this Court noted its disagreement with a prior opinion from this District (Mem. Op. at 8 n.1) in *Santsuosso v. NovaCare Rehabilitation*, 462 F. Supp. 2d 590 (D.N.J. 2006), cited by Plaintiff, in light of contrary persuasive authority and must similarly disagree with the decision reached in *Thurston v. Cherry Hill Triplex*, Civil No. 06-3862, 2008 U.S. Dist. LEXIS 60936, *25-27 (D.N.J. Aug 5, 2008), on the same basis. Consequently, the Court concludes that there was no clear error of law in denying Plaintiff's motion for leave to replead an FMLA retaliation claim as this proposed claim would fail to state a claim upon which relief could be granted.

3

Moreoever, Plaintiff's hypothetical is unavailing as it does not follow that an employer may "restore employees to their positions or extend their leave and then fire them with impunity after the twelve weeks expires."  (Pl.'s Br. at 5.)  Plaintiff's hypothetical instead appears more analogous to a situation from which might arise an FMLA interference claim where an employee "was entitled to benefits under the FMLA and . . . his employer illegitimately prevented him from obtaining those benefits."  *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 401 (3d Cir. 2007).  As Plaintiff notes, the July 27 Memorandum Opinion granted leave for Plaintiff to proceed with such FMLA interference claim on a "failure to advise" theory.  (Mem. Op. at 11-12).

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  An appropriate form of order accompanies this opinion.

Dated: September 8, 2011

                                            __s/ Garrett E. Brown, Jr.__
                                          GARRETT E. BROWN, JR., U.S.D.J.